IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEIGH M. TAYLOR, | |
| Plaintiff, | 2:23-CV-00676-CCW |
| v. | |
| LAWRENCE COUNTY CHILDREN AND YOUTH, HEATHER STARR, | |
| Defendants. | |

## OPINION

Before the Court is a Motion to Dismiss by Defendants Lawrence County Children and Youth ("Lawrence CYS") and Heather Starr.  ECF No. 32.  For the reasons set forth below, the Court will grant the Motion.

I.      **Background**

On April 27, 2023, the Court granted Ms. Taylor's motion for leave to proceed *in forma pauperis*.  ECF No. 2.  Ms. Taylor's complaint was then docketed later that day.  ECF No. 3.  On May 2, 2023, pursuant to the screening mechasnism in 28 U.S.C. § 1915(e), the Court dismissed Ms. Taylor's complaint for failure to state a claim against Defendants.  ECF No. 7.  The Court, however, granted Ms. Taylor leave to amend.  *Id.*  On June 2, 2023, Ms. Taylor filed her Amended Complaint.  ECF No. 19.

In her Amended Complaint, Ms. Taylor alleges a deprivation of her constitutional rights pursuant to 42 U.S.C. § 1983, specifically a violation of her due process rights under the Fourteenth Amendment.[1]  *Id.* at 3.  Ms. Taylor contends that Defendants violated her constitutional rights when they failed to comply with the protocols, as set forth in 55 Pa. Code § 3490.55, for

---

[1] The Court has federal question jurisdiction under 28 U.S.C. § 1331.

investigating her reports of child abuse allegedy perpetrated by her child's father.  *Id.* at 1, 3.  For example, Ms. Taylor alleges that Ms. Starr, a Lawrence CYS caseworker, failed to review photographs and video evidence of the child allegedly being abused, failed to conduct an investigation at Ms. Taylor's home, and failed to interview the child's maternal grandmother or Ms. Taylor's neighbors, who are alleged to have knowledge of the abuse.  *Id.*  Ms. Taylor further alleges that the "failure [of Defendants] to adhere to their own protocols for an investigation" resulted in the child being put in "harms way," as the child's father was ultimately awarded custody, while the child continues to make statements of harm.  *Id.* at 4.  As to Lawrence CYS specifically, Ms. Taylor alleges that her claims are brought "based on their policy, custom and practice, and failure to adequately" [sic].  *Id.* at 3.  Ms. Taylor does not identify what relief, or type of relief, she is requesting in this lawsuit.

Defendants now seek to dismiss Ms. Taylor's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that she fails to state a claim for violation of due process and municipal liability.  ECF No. 32.

## II.    Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim.  In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).  Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, "a formulaic recitation of the elements of a cause of action will not do."  *Id.*  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and be "sufficient . . . to 'state a claim to

relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Notably, courts must construe a pro se plaintiff's pleadings liberally given that "pro se plaintiffs are not held to as high a pleading standard as other litigants." *Jones v. Omni Bank*, Civil Action No. 98-2223, 1998 WL 761869 at *5 (E.D. Pa. Oct. 20, 1998). Even so, a plaintiff's pro se status does not "exempt a plaintiff from pleading the essential elements of his claim, nor does it excuse ignorance or lack of attention to the ordinary rules of civil procedure." *Id.* (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

## III.    Ms. Taylor Has Failed to State a Claim Against Defendants

Defendants argue that Ms. Taylor cannot state a § 1983 claim because she fails to allege an actionable violation of due process. ECF No. 33 at 4–8. The Court agrees. Rather than creating an independent substantive right, § 1983 "provides a remedy for deprivations of rights established elsewhere in the Constitution or federal laws." *Kopec v. Tate*, 361 F.3d 772, 775–76 (3d Cir. 2004). To assert a § 1983 claim, a plaintiff must establish: "(1) the deprivation of a constitutional right or other federal law, and (2) that a 'person acting under the color of state law' is responsible for the alleged deprivation." *K.S.S. v. Montgomery Cnty. Bd. of Comm'rs*, 871 F. Supp. 2d 389, 397 (E.D. Pa. 2012) (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 119–20 (1992)). Moreover, a plaintiff suing a municipal entity must show that an official policy or custom resulted in the deprivation of her constitutional rights. *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978).

Here, Ms. Taylor[2] asserts a due process right under the Fourteenth Amendment.[3] *See, e.g.*, *McCurdy v. Dodd*, 352 F.3d 820, 827–28 (3d Cir. 2003). She does not specify whether her due process claim is procedural or substantive. But, in light of her statement that "[t]he complaint concedes that defendants complied with the procedural requirements of Pennsylvania's Child Protectice Services Law…and the Juvenile Court Act…," ECF No. 19 at 3, it appears that Ms. Taylor is attempting to bring a substantive due process claim. "To establish a substantive due process claim, a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience." *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008). And "[w]hat 'shocks the conscience' is 'only the most egregious official conduct.'" *Eichenlaub v. Twp. of Ind.*, 385 F.3d 274, 285 (3d Cir. 2004) (quoting *UA Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392, 400 (3d Cir. 2003)).

Ms. Taylor argues that her due process rights were violated by Defendants' failure to properly investigate her allegations of child abuse against the father of her child, and by the award of custody to the father of the child as opposed to Ms. Taylor. "[T]he Supreme Court has

---

[2] The Court previously advised Ms. Taylor that "[t]o the extent that Ms. Taylor is claiming a deprivation of her minor son's rights, she must state that she is bringing this action on his behalf and what constitutional rights are at issue." ECF No. 7 at 4 n. 1. In filing her Amended Complaint, Ms. Taylor has not brought this action on behalf of her minor child.

[3] Defendants argue that to the extent Ms. Taylor is asserting a reckless investigation claim, that claim also fails. *Id.* at 6–8. Typically, parties bring reckless investigation claims under § 1983 when a police officer acted recklessly or intentionally in failing to investigate prior to an arrest. *See id.*; *Doe v. Plum Borough Sch. Dist.*, Civ. A. No. 2:17-cv-32, 2017 WL 3492542, at *9 (W.D. Pa. Aug. 15, 2017) (Fischer, J.); *Kristy A. v. David B.*, Civ. A. No. 2:18-cv-1475, ECF No. 70, at 14 (W.D. Pa. March 2, 2020) (Cercone, J.) (citing *Atherton v. Shaffer*, 2017 WL 6048824, at *2 (W.D. Pa. Dec. 5, 2017). The Third Circuit has held that a reckless investigation claim can only arise under the Fourth Amendment and is not cognizable under the Fourteenth Amendment. *Geness v. Cox*, 902 F.3d 344, 354 n. 5 (3d Cir. 2018). Liberally construing Ms. Taylor's Amended Complaint, as the Court must, the Court does not read it to contain a reckless investigation claim. While the Amended Complaint is clear that Ms. Taylor is challenging Defendants' investigation into her allegations of child abuse, none of the cases she cites refer to a reckless investigation claim. *See* ECF No. 19 (citing *Miller v. City of Phila.* 174 F.3d 368 (3d Cir. 1999); *Bayer v. Monroe Cnty. Child. & Youth Servs.*, 577 F.3d 186 (3d Cir. 2009); *Bower v. Lawrence Cnty. Child. & Youth Servs.*, 964 F. Supp. 2d 745 (W.D. Pa. 2013) (McVerry, J.)). Further, Ms. Taylor expressly asserts a claim under the Fourteenth, and not the Fourth, Amendment. Accordingly, the Court need not address Defendants' arguments regarding reckless investigation.

recognized a 'fundemantal liberty interest of natural parents in the care, custody, and management of their child." *Miller*, 174 F.3d at 373.  However, "[t]o determine whether this right has been abridged, we must consider the governmental acts in question." *Id.* at 374.

Preliminarily, as the Court stated in its Order dismissing Ms. Taylor's complaint, ECF No. 7, the Court cannot construe the "failure to protect an individual against private violence" as a constitutional violation pursuant to the Fourteenth Amendment.  *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196–97 (1989);  *see also Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 723 (3d Cir. 1989) ("[B]ecause there [is] no constitutional duty on the state to provide its citizens with particular protective services, 'the State cannot be held liable under the [Due Process] Clause for injuries that could have been averted had it chosen to provide them.'" (quoting *DeShaney*, 489 U.S. at 197)).  Taking the allegations as true—that Defendants failed to properly investigate Ms. Taylor's allegations of child abuse and therefore, the child continues to suffer harm from his father— Ms. Taylor's arguments appear similar to the ones raised and rejected in *Deshaney* and *Fetterman v. Westmoreland Cnty. Childs. Bureau*, 681 F. App'x 166, 170 (3d Cir. 2017) (affirming dismissal of amended complaint brought by grandmother who alleged that caseworker ignored concerns regarding risk of abuse and child was ultimately abused and died).  Thus, to the extent Ms. Taylor alleges Defendants failed to prevent harm to her child, her claim cannot succeed.  Her Amended Complaint, however, appears primarily to focus on Defendant's failure to investigate.  Accordingly, the Court will address whether she can state a substantive due process claim on that basis.

First, as Defendants correctly point out, Ms. Taylor fails to allege that either Ms. Starr or Lawrence CYS, as opposed to some other person or entity, deprived her of her parental interest. In order for the government to interfere with Ms. Taylor's interest, they must have taken an action

as to Ms. Taylor's rights, for example, separating or removing the child from Ms. Taylor. *See Rinderer v. Del. Cnty. Child. & Youth Servs.*, 703 F. Supp. 358, 360–61 (E.D. Pa. 1987); *A.J. v. Lancaster Cnty.*, Civ A. No. 5:19-cv-1768, 2019 WL 7161686, at *3 (E.D Pa. Dec. 23, 2019) (granting motion to dismiss because "courts in the Third Circuit that have addressed substantive due process claims in this context have all involved child abuse investigations where a parent or child is actually removed from the family home, which did not occur here") (collecting cases). Here, Ms. Taylor readily admits that Defendants were not involved in the award of custody to the child's father or with the child's removal from Ms. Taylor. ECF No. 37 at 1. Thus, Ms. Taylor has not alleged that these Defendants have deprived her of parental rights.

Second, even if Defendants' purported failure to properly investigate the alleged child abuse could constitute a constitutionally-protected deprivation of Ms. Taylor's rights, Ms. Taylor has not alleged any conduct that "shocks the conscious." In the case of social workers "acting to separate parent and child," "in order for liability to attach, a social worker need not have acted with the 'purpose to cause harm,' but the standard of culpability for substantive due process purposes must exceed both negligence and deliberate indifference, and reach a level of gross negligence or arbitrariness that indeed 'shocks the conscience." *Miller*, 174 F. 3d at 375–76. Here, Ms. Taylor states that "Defendants did not properly perform their duties," *id.*, which is akin to an allegation of negligence. *Miller*, 174 F.3d at 376. Thus, Ms. Taylor has not alleged conduct sufficient to rise to the necessary level.

Finally, as to Lawrence CYS specifically, Ms. Taylor vaguely alleges that her claims are brought "based on their policy, custom and practice, and failure to adequately" [sic]. ECF No. 19 at 3. Ms. Taylor has failed to allege an official policy or custom that resulted in the deprivation of her constitutional rights as required when suing municipal actors. *Monell*, 436 U.S. at 690–91.

Accordingly, she fails to state a claim against Lawrence CYS.  As Ms. Taylor's first complaint was dismissed for failure to state a claim and she has previously been granted leave to amend, ECF No. 7, the Court finds that any subsequent amendment would be futile.

**IV.   Conclusion**

For the forgeoing reasons, Defendants Lawrence County Children and Youth's and Heather Starr's Motion to Dismiss will be GRANTED, and Plaintiff Ashleigh M. Taylor's Amended Complaint will be DISMISSED with prejudice.

DATED this 28th day of June, 2024.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via U.S. mail):

Ashleigh M. Taylor, pro se
44 Lincoln Ave #2
Bellevue, PA 15202